Vacated by Supreme Court, May 16, 2005
Certiorari granted, May 16, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4290**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RASHAAN CARDELL ROGERS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge. (CR-03-43)

———————

Submitted:  November 24, 2004      Decided:  January 4, 2005

———————

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rashaan Rogers appeals from his conviction for possession of a firearm by a convicted felon. On appeal, he challenges the district court's failure to issue limiting instructions and asserts that the Government's closing argument constituted prosecutorial misconduct. After a careful review of the record, we affirm.

Rogers first argues that the district court abused its discretion by declining his requests for two jury instructions. See United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999) (standard of review). A refusal to grant a requested instruction is reversible error only if the instruction (1) was correct; (2) was not substantially covered by the court's charge; and (3) involved a point so important that failure to give the instruction seriously impaired the defendant's defense. United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995). We find that the failure to issue the requested instructions did not prejudice Rogers' defense, and thus, the court did not abuse its discretion.

Next, Rogers raises several claims of prosecutorial misconduct relating to the closing argument of the Government. A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). To prevail under this standard, Rogers must show that "the prosecutor's

remarks or conduct were improper and, second . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. <u>Id.</u> As to Rogers' claims that were not preserved at trial, the standard is modified to the degree that he must demonstrate plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993). We find no resulting prejudice from any of the prosecutor's comments.

Accordingly, we affirm Rogers' conviction. In addition, because Rogers' counsel has filed an appropriate brief, we deny his motion to file a supplemental pro se brief and decline to address any issues raised in his pro se Fed. R. App. P. 28(j) filing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>